Where the plaintiffs agreed to perform work for the defendant upon a canal, and the defendant agreed to make payments “ from time to time by certificates from the engineer as the work advances,” it was held, that the plaintiffs might bring an action without having given notice to the defendant of a certificate previously made, each party being bound to take notice.
This was an action of covenant on an indenture made be tween the plaintiffs and the defendant, dated December 11, 1826. The plaintiffs agreed to construct, by the 1st of December, 1827, that part of the Hampshire and Hampden cana’ included in the defendant’s contract with the canal corporation, to the acceptance of Davis Hurd, or the principal engineer &c. ; in consideration of which the defendant agreed to pay them after ce.tain rates specified in the indenture, “the payments to be made from time to time by certificates from the engineer as the wow advances, always reserving twenty-five per cent for the faithful fulfilment of the contract ; two thirds in cash, and one third in stock of the Hampshire and Hampden Canal Company, and when any one of said sections is completed, the whole of the payment for said section is to be made to the party of the first part.” The engineer made out a certificate, dated November 1, 1827, of the work then done, but it was not proved to have been shown to the defendant before the writ was sued out, which was on November 24, 1827. A verdict was found for the plaintiffs.
Sept. 3. st.
contended that the action would not lie except after a presentation to the defendant of the engineer’s certificate, or at least notice that such certificate had .been given.
said that the plaintiffs were not bound to present the certificate or give such notice ; that making the certificate was the act of a third person, rf *391 which each party was bound to take notice ; as in the case cf an award. Com. Dig. Pleader, C75; 2 Wms’s Saund. 62 a, note 4.
Sept. 2-ith.
And of this opinion were the Court.